UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

LaVERTIS STEWART

    Plaintiff,

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

DR. ANDRES MESROBIAN
Former Medical Director at Dixon C.C.

JONN DOE(s) #1, #2, #3, #4, #5, #6
Dixon C.C. Correctional Officers

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

RECEIVED
JUL 19 2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

12 C 5 0 2 7 3

Case No:_____
(To be supplied by the Clerk of this Court)

"JURY TRIAL DEMAND"

CHECK ONE ONLY:

__XXX__    COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code (state, county, or municipal defendants)

_____    COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code (federal defendants)

_____    OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I. **Plaintiff(s):**

    A. Name: LaVertis Stewart

    B. List all aliases: _____

    C. Prisoner identification number: A-15380

    D. Place of present confinement: Dixon Correctional Center

    E. Address: 2600 N. Brinton Ave., Dixon, Illinois 61021

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

    A. Defendant: Dr. Andres Mesrobian

        Title: Former Medical Director at Dixon C.C.

        Place of Employment: Dixon Correctional Center

    B. Defendant: John Doe(s) #1, #2, #3, #4, #5, #6

        Title: Correctional Officer

        Place of Employment: Dixon Correctional Center

    C. Defendant: _____

        Title: _____

        Place of Employment: _____

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

III. Exhaustion of Administrative Remedies

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A. Is there a grievance procedure available at your institution?

YES (X) NO ( ) If there is no grievance procedure, skip to F.

B. Have you filed a grievance concerning the facts in this complaint?

YES (X) NO ( )

C. If your answer is **YES**:

1. What steps did you take?
Filed a grievance; Sent letter to Dr. Louis Shicker, Chief of Health Services.

2. What was the result?
Grievance Officer denied, but Brian Fairchild (ARB Chairperson) recomended a copy of the grievance, Grievance Officer's Report and Warden's Response be forwarded to Dr. Louis Shicker, Chief of Health Services for review and final recommendation; Dr. Shicker found that "Dr. Mesrobian is no longer employed at Dixon C.C. and is not available to address grievant's concerns regarding medical issues. Dr. Carter reviewed grievant's request at Dr. Shicker's request and did grant a 6 month 'No Black Box' permit."

3. If the grievance was not resolved to your satisfaction, did you appeal? What was the result (if there was no procedure for appeal, so state.)
Yes, and although Dr. Carter granted a 6 month "No Black Box" permit the ARB found that the issue was appropriately addressed by the institutional administration, and denied the grievance.

D. If your answer is **NO**, explain why not:

N/A

3

E. Is the grievance procedure now completed? YES ( X ) NO ( )

F. If there is no grievance procedure in the institution, did you complain to authorities? YES ( ) NO ( ) N/A

G. If your answer is **YES**:

    1. What steps did you take?

    N/A

    2. What was the result?

    N/A

H. If your answer is **NO**, explain why not:

    N/A

IV. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

    A. Name of case and docket number: __STEWART v. GRAMLEY, et al.__ __docket # - N/A__

    B. Approximate date of filing lawsuit: __1993 - 94__

    C. List all plaintiffs (if you had co-plaintiffs), including any aliases: __NONE__

    D. List all defendants: __N/A__

    E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): __U.S. District Court, Central Dist.__

    F. Name of judge to whom case was assigned: __Judge H. Baker__

    G. Basic claim made: __that Dermatogist gave me Cortisone Shots that caused muscle atrophy in two places in my buttocks which Prison Dr's misdiagnosed and did not follow up on physical theraphy__

    H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): __Dismissed__

    I. Approximate date of disposition: __Approx. 1994-95__

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

Cont.

IV. -(b)

A. STEWART v. CAPTAIN LYLES, et al.   docket # - N/A
B. Approx. 2000-01.
C. No other plaintiffs
D. Lt. Wright
E. U.S. Dist. Ct. Northern Dist., Eastern Div.
F. Judge Lefkow
G. Cruel and Unusual punishment during unwarrented Strip search.
H. Out of court settlement.
I. Approx. 2005


IV. - (c)

A. STEWART v. SUPT. GRIFFIN, et al.   docket # - N/A
B. Approx. 2004-05
C. No other plaintiffs
D. N/A
E. U.S. Dist. Ct. Nothern Dist., Eastern Div.
F. Judge Lefkow
G. Cruel and Unusual punishment - being sent to disciplinary segregation for washing up during lockdown without being able to shower.
H. Dismissed
I. N/A

IV. - (d)

A. Orr. v. Dr. Eylia, et al.   docket # - N/A
B. Approx. 2008
C. N/A
D. N/A
E. U.S. Dist. Ct. Central Dist.
F. Judge H. Baker
G. Not treated for Hepatitis C
H. Pending
I. N/A

5a.

V.   Statement of Claim:

On or about April 22, 2009, Plaintiff had one of many appointments at UIC Medical Center (for a cronic medical condition). While in the Armory's Shakedown Room, John Doe #5 (hereafter "#5 c/o) brough out chains, handcuffs and a "Black Box. See <u>Williams v. Cowan</u>, 207 WL 2701285 (S.D. Ill) (which indicated that "the black box is a device that prevents prisoners from sticking objects in the key hole of the handcuff lock"). Plaintiff told #5 c/o that he had talked to Dr. Mesrobian on or about March 4, 2009 regarding the way the black box was used on privious medical writs (involving John Doe #1 thru #4). Plaintiff also explained to #5 c/o that the way the black box was used is very painful and debilitating to his Carpal Tunnel condition (which is in both of his wrist), and his Bursitis/Arthritis (due to possible tear in the rotator cup of his right sholder). Dr. Mesrobian told the plaintiff that he would give a medical order instructing the officers "not to use the black box restraint on him".

However, #5 c/o looked through the medical writ package and saw no order from Dr. Mesrobian, so he called the nurse station and was told that Dr. Mesrobian would not issue the order. At that time plaintiff was given an ultimatum, to either refuse the medical writ (regarding his cronic & life threating medical condition) or suffer at least 8 hours of pure torture (which is defined in <u>Webster's II New Riverside University Dictionary</u> as "TORTURE": (B)(3) "to twist or turn abnormally") from being contoured into an unnatural position (where both arms ar crossing his torso, with wrist locked in opposing directions, separated by the rigid black box). See attached diagram of contoured body in black box restraint (Exhibit A). Plaintiff believed at the time, that his life threating medical condition (which is grade 3 cirrhosis of the liver) and need for treatment of said condition out weighed the $8\frac{1}{2}$ hours of torture, so he allowed them to put him in the black box as decribed in Exhibit A. However, plaintiff asked #5 c/o why his wrist had to be contoured

6

into unnatural and opposing directions. #5 c/o answered the plaintiff, and said "so you can't pick the lock" and he keep justifying the use of the black box by saying that "it was created by an inmate".

For four (4) days following the April 22, 2009 writ, the plaintiff's wrist were numb, hurting and swollen, his right sholder was in a lot of pain (felt like it was dislodged) due to the stress position he was forced into. In fact the plaintiff was in so much pain that on April 24, 2009, while at a therapy appointment for his Carpal Tunnel & Bursitis/Arthritis, he could not go through the thrapudic workout prescribed by the Therapist. Plaintiff could only bear the Ultra Sound and Electonic Muscle Stimulation portion of the therapy.

On the same afternoon of April 24, 2009, plaintiff had an appointment with Dr. Mesrobian and told him that he was forced to chose between refusing his medical writ, or wearing the black box restraint. Plaintiff reminded Dr. Mesrobian of their March 4, 2009 meeting, when he told plaintiff that he was going to do something about informing the officers not to use the black box restraints. Plaintiff also told Dr. Mesrobian about the $8\frac{1}{2}$ hours of torture he suffered; the debilitating pain that he was in at that time; and the fact that he always suffer such pain 4 to 6 days after being contoured into the black box restraints. At that time Dr. Mesrobian did not give the plaintiff a stright answer about his failure to issue the order "not to use the black box restraint", nor did Dr. Mesrobian prescribe the plaintiff any medication or treatment for the pain his was in at that time.

Plaintiff was in so much pain that he had to put in for sick call, and on April 27, 2009 he was given a pass to see the sick call nurse, who put him back on Dr. Mesrobian's call line regarding the pain, and for another meeting regarding his need for an order to the officers "not to use the black box restraint" before his next UIC appointment. However, plaintiff was never put on Dr. Mesrobian's call line before his next UIC appointment on May 5, 2009 (nor was he prescribed any pain medication).

On May 5, 2009 plaintiff again explained his situation to #6 c/o, and he also

7

told the plaintiff that Dr. Mesrobian did not issue an order. Plaintiff was again given an ultimatum (refuse the writ regarding his life threating medical condition, or agree to several more hours of debilitating torture). Again, plaintiff's health condition would not allow him to refuse the medical writ, so this time he suffered more than 11 hours of torture from being contoured into the black box restraints.

Plaintiff contends that being contoured into the black box restraints (by #1 c/o) for no less than 11 hours in December, 2008; and no less than 8 hours (by #2, #3, #4 & #5 c/o(s)) on January 27, 2009; March 3, 2009; March 31, 2009; April 22, 2009, and 11 hours (by #6 c/o) on May 5, 2009, has caused his Carpal Tunnel & Bursitis/Arthritis to worsen.

On May 8, 2009 the plaintiff was once again seen by Dr. Mesrobian and he again explained that he was forced to except the torture of being contoured into the black box restraints. When plaintiff expressed the extent of his pain to Dr. Mesrobian he told plaintiff that "he know the black box is very painful", because he himsilf has been in the black box, and in the cage of the transport van. Dr. Mesrobian made it perfectly clear to the plaintiff that he was aware of the pain that is caused by being contoured into the black box restraint, and Dr. Mesrobian clearly knew of the plaintiff's carpal tunnel & bursitis / arthritis condition, and approximately how many hours the plaintiff would remain contoured into the black box restraint while on his several medical writs. However, after knowing all of that Dr. Mesrobian still refused to order the officers "not to use the black box restraint" (or at least issue an order "not to use the black box in such a toturious way'). Plaintiff believe that Dr. Mesrobian actions, or inaction constitute deliberate indifference.

Plaintiff further believe that Dr. Mesrobian's action on May 8, 2009, of pre-scribing Motin for his pain also constituted deliberate indifference, because after plaintiff started taking the motrin and experiencing sudden pains in his stomach and liver area, he looked up Motrin in his PDR and discovered that a person with Hepatitis C (as Dr. Mesrobian was fully aware that plaintiff have) should never take Motrin.

8

On May 18, 2009, after taking about 8 motrins, plaintiff returned the Motrins to a Nurse in the Pharmacy and told her that he read his PDR and it indicated that he should have never been prescribed Motrin, due to his liver condition. Dr. Mesrobian clearly knew of plaintiff's medicial condition, which is Cirrhosis Grad 3, yet it seemed that the more the plaintiff questioned or complained about his medical treatment, the more Dr. Mesrobian tried to do him harm, or disregard his complaints altogether.

After filing a grievance regarding these matters, on June 4, 2009, said grievance was not resolved until July 22, 2010, after Dr. Mesrobian was no longer employed at Dixon Correctional Center, where, when Brian Fairchild, Administrative Review Board Chairperson informed the plaintiff that he "recommended a copy of the inmate grievance, Grievance Officer's Report and Warden's Response be forwarded to Dr. Louis Shicker, Chief of Health Services for review and final recommendation in regard to grievant's medical issues." Dr. Mesrobian's replacement Dr. Carter "reviewed grievant's request at Dr. Shicker's request and did grant a six month 'No Black Box' permit in regard to grievant's request." However, the Administrative Review Board, nor Dr. Shicker & Dr. Carter addressed plaintiff's grievance regarding being prescribed Motrin (the wrong medication). Also note: Dr. Carter only granted a six month "No Black Box" permit for his cronic carpal tunnel & bursitis/arthritis condition, a condition that's not expected to get any better. This too has proven to be problematic because now Dr. Carter is no longer employed at Dixon Correctional Center, and the "No Black Box" permits prescribed by him has expired. Plaintiff informed the new Doctor of his condition and the need for the "No Black Box" permit, but on or about May 29, 2012 plaintiff was once again given an ultimatum, refuse his medical writ or suffer the torture of the black box restraint, because again #7 c/o could not find a "No Black Box" permit in the plaintiff's writ package.

In addition to the deliberate indifference mentioned above, plaintiff believe that IDOC policy of contouring inmates into the black box restraint serve only one purpose "torture", because if the purpose for the black box is to "prevent prisoners from sticking objects in the key hole of the handcuff lock" as indicated in Williams

9

v. Cawan (at Page 2), then contouring inmates into the black box restraint as indicated by the attached diagram (Exhibit A) so that inmates "can't pick the lock" (as indicated by John Doe c/o(s)) cannot be said that such "force was applied in a good-faith effort to maintain or restore discipline." Plaintiff believe that the Black Box Restraints are being used "maliciously and sadistically to cause harm" in violation of the Eight Amendment rights to be free from cruel and unusual punishment. See <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992).

    As an direct and proximate result of defendant's wilful and wanton actions and failure to act was reckless, callous, deliberately indifferent to plaintiffs serious medical needs and Federally protected 8th Amendment right to be free from cruel and unusual punishment inflicted both severe and prolonged physical and emotional pain, suffering, distress, and anquish despite their knowledge of a substantial risk of harm, which apparently was/is maliciously and sadistically done for the purpose of causing undue harm, pain and punishment.

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Plaintiff would like for this Honorable Court to issue an injunction to provent the defendants from instituting the unconstitutional practice of using the black box in a torturious manner as described in the attached diagram, compensation for physical pain and suffering, as well as emotional pain and suffering with compensatory and punitive damage awards.

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 14 day of July, 20 12

*(signature)*
(Signature of plaintiff or plaintiffs)

LaVertis Stewart
(Print name)

A-15380
(I.D. Number)

Dixon Correctional Center

2600 N. Brinton Ave.

Dixon, Illinois 61021
(Address)

11

BLACK BOX



Exh. <u>A</u>.

13.

IN THE UNITED STATES DISTRICT COURT

FOR THE __WESTREN__ DISTRICT OF ILLINOIS

LaVERTIS STEWART,

      Plaintiff,

vs.

Dr. ANDRES MESROBIAN, Et. al,

      Defendants,

CASE NO. _____

## CERTIFICATE OF SERVICE

I, __LaVertis Stewart__, certify that I sent through the United States Postal Service a copy of the attached __CIVIL RIGHTS COMPLAINT plus 2 copies of which 1 to be Stamp Filed and Returned to me,__ by placing same in an envelope addressed to the _____

Clerk of the U.S. District Court
Western Division at Rockford
327 S. Court St
Rockford, Illinois 61101

said envelope was placed in the mailbox at the __Dixon__ Correctional Center on the __14__ day of __July__, __2012__ with postage fully prepaid.

Subscribed and Sworn to Before me on this __14th__ day of __July__, 20__12__.

_Sally A. Joos_
NOTARY PUBLIC

S/S _LaVertis Stewart_
PETITIONER/PLAINTIFF

LaVertis Stewart
#A-15380
2600 N. Brinton Av.
Dixon, IL.
61021

SALLY A. JOOS
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires
July 12, 2016

Mr. Salvatis Stewart
#A-15380
2600 N. Brinton Ave.
Dixon, IL. 61021

"Legal Mail"

Clerk of the Court
Prisoner Correspondent
U.S. District Court House, Northern Dist.
for the Western Division
327 S. Court St.
Rockford, IL.
  61101