IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| LAVERTIS STEWART, )<br>    Plaintiff )<br> )<br>v. )<br> )<br>SPECIAL ADMINISTRATOR for the )<br>Estate of DR. ANTREAS MESROBIAN, )<br>*et al.*, )<br>    Defendants. ) | No. 12 CV 50273<br>Magistrate Judge Iain D. Johnston |

**ORDER**

      Status hearing held on 9/30/2014. The plaintiff's motion for appointment of a special representative [65] is denied without prejudice. The plaintiff shall serve the existing complaint on Dr. Carter by 10/15/2014, and the time to serve Dr. Carter is extended under Federal Rule of Civil Procedure 4(m) to that date. This order does not impact the plaintiff's ability to seek leave to file an Amended Complaint if a special representative is appointed and/or recruited counsel completes his investigation of the facts. Telephonic status hearing is set for 10/16/2014 at 9:30AM. By 10/14/2014, counsel shall provide telephone numbers for the status hearing to the Court's operations specialist, who will initiate the call. Plaintiff's counsel shall provide a copy of this order to any party appearing between now and 10/16/2014. Attorneys from Cassiday Schade are excused from any further court hearings unless they file an appearance.

(:07)

**STATEMENT**

      Plaintiff LaVertis Stewart has sued the doctors he alleges were deliberately indifferent to the injuries he suffered when forced to wear a security box over his handcuffs. One of the defendants, Dr. Antreas Mesrobian, died before Mr. Stewart filed suit but before the expiration of the applicable statute of limitations. *Stewart v. Special Administrator of the Estate of Antreas Mesrobian*, 559 Fed. Appx. 543, 547-48 (7th Cir. 2014). Counsel's investigation failed to locate any estate opened for Dr. Mesrobian, and notice of these proceedings sent by certified mail to his known heirs went unanswered. The plaintiff therefore asks the Court to appoint a special representative to defend the claims against Dr. Mesrobian.

      Under Federal Rule of Civil Procedure 17(b), a party's capacity to be sued in a representative capacity is determined by the law of the state where the court is located. Under Illinois law, when a person against whom an action may be brought dies before the action is filed, the suit must be filed against the personal representative of the estate or, if

no estate was opened, the court may appoint a special representative. 735 ILL. COMP. STAT. 5/13-209(b)(1), (2). If a special representative is appointed, the plaintiff's recovery is limited to the "proceeds of any liability insurance protecting the estate." 735 ILL. COMP. STAT. 5/13-209(b)(2). The plaintiff is limited to recovering only the proceeds of any liability insurance for the additional reason that he filed his claim more than two years after Dr. Mesrobian's death. *See* 755 ILL. COMP. STAT. 5/18-12(b); *Stewart*, 559 Fed. Appx. at 548.

Some courts within this district have previously found that only a state court can appoint a special representative under § 5/13-209. For example, in *Coleman v. McLaren*, 590 F. Supp. 38, 39 (N.D. Ill. 1984), the federal district court found that only a state court could appoint a special representative because (1) the special representative statute is procedural and therefore a suspect source of federal powers, (2) appointment of a special representative is a probate-type power that is a specific historic exception to diversity jurisdiction, and (3) Federal Rule of Civil Procedure 17(c)(2) gives federal courts the power to appoint guardian ad litem for minors or incompetent persons, and by negative implication does not give the power to appoint representatives for decedents. *See also Villalobos v. Casteñeda*, No. 12 CV 8218, 2013 WL 5433795, at *1 n.1 (N.D. Ill. Sept. 27, 2013) ("they must obtain from the appropriate probate court an order for appointment of a special representative for the purpose of this litigation"); *Wilson v. Sundstrand Corp.*, No. 99 CV 6946, 2002 WL 99745, at *4 (N.D. Ill. Jan. 25, 2002) ("A federal court lacks the authority to appoint a special administrator."). But in its order remanding this case, the Seventh Circuit clarified that under 42 U.S.C. § 1988, federal courts may borrow state law if needed to provide a complete remedy under 42 U.S.C. § 1983. *See Stewart*, 559 Fed. Appx. at 548 (citing *Ward v. Edgeton*, 59 F.3d 652, 653 (7th Cir. 1995)). Therefore, if no estate for Dr. Mesrobian was opened, the "district court may appoint a 'special administrator' consistent with Illinois law," specifically, 735 ILL. COMP. STAT. 5/13-209(b). *Stewart*, 559 Fed. Appx. at 548 (though the cited statute authorizes appointment of a 'special representative,' not a 'special administrator.').

Although the Seventh Circuit has identified this court's power to appoint a special representative, doing so now would be premature. As noted above, the plaintiff is limited to recovering no more than the proceeds of any liability insurance protecting Dr. Mesrobian's estate, but the motion does not address whether liability insurance exists. Therefore, "it would be inefficient to appoint a special representative if there were no proceeds of liability insurance to recover." *Tamburo v. Dworkin*, No. 04 CV 3317, 2012 WL 104545, at *4 (N.D. Ill. Jan. 11, 2012). In *Tamburo*, the court allowed the plaintiff additional discovery to ascertain whether the decedent held liability insurance at the time of his death. *Id.* Similarly, this Court shall grant the plaintiff leave under Federal Rule of Civil Procedure 26(d)(1) to seek discovery before the conference required by Rule 26(f) limited to the following issues: (1) whether an estate was opened for Dr. Mesrobian; (2) whether his estate was protected by liability insurance and, if so; (3) the identity of the insurer. Upon discovering any liability insurance, the plaintiff may renew his motion for appointment of a special representative under 735 ILL. COMP. STAT. 5/13-209(b)(2). Any renewed motion shall address how the court shall choose a special representative, how

the special representative shall be paid, and shall be served on the liability insurer or its counsel.

      Meanwhile, the plaintiff shall serve the existing complaint on Dr. Carter by 10/17/2014, and the time to serve Dr. Carter is extended under Federal Rule of Civil Procedure 4(m) to that date. This order does not impact the plaintiff's ability to seek leave to file an Amended Complaint if a special representative is appointed and/or recruited counsel completes his investigation of the facts. Telephonic status hearing is set for 10/16/2014 at 9:00AM. By 10/14/2014, counsel shall provide telephone numbers for the status hearing to the Court's operations specialist, who will initiate the call. Plaintiff's counsel shall provide a copy of this order to any party appearing between now and 10/14/2014. Attorneys from Cassiday Schade are excused from any further court hearings unless they file an appearance.

Date: October 2, 2014      By: _____
                                                            Iain D. Johnston
                                                          United States Magistrate Judge