# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| LAVERTIS STEWART (A-15380), | ) |
| | ) |
| Plaintiff, | ) 12 C 50273 |
| | ) |
| v. | ) |
| | ) Judge Philip G. Reinhard |
| EVANSTON INSURANCE COMPANY as | ) |
| Special Representative for the Estate of | ) |
| ANTREAS MESROBIAN; JILL WAHL; | ) |
| IMHOTEP CARTER; WEXFORD HEALTH | ) |
| SOURCES, INC.; ARTHUR FUNK; JOHN | ) |
| DOE TWO; JOHN DOE THREE; JOHN DOE | ) |
| FOUR; JOHN DOE FIVE; JOHN DOE SIX; | ) |
| JOHN DOE SEVEN; JOHN DOE EIGHT; | ) |
| JOHN DOE NINE; JOHN DOE TEN; JOHN | ) |
| DOE ELEVEN; JOHN DOE TWELVE; JOHN | ) |
| DOE THIRTEEN; JOHN DOE FOURTEEN; | ) |
| and JOHN DOE FIFTEEN, | ) |
| | ) |
| Defendants. | ) |

## ORDER

For the following reasons, plaintiff's motion for entry of final judgment under Fed. R. Civ. P. 54(b) [307] is denied.

## STATEMENT

This case has a long procedural history, detailed in the court's previous orders. *See* [154]; [189]; [300]. Familiarity with these matters is assumed. In relevant part, on March 29, 2017, this court granted the IDOC defendants' motion for judgment on the pleadings and dismissed the IDOC defendants from the case. *See* [300]. On April 21, 2017, plaintiff filed a motion under Fed. R. Civ. P. 54(b) for an order directing entry of final judgment against plaintiff with respect to the court's dismissal of the IDOC defendants, so that plaintiff can appeal that ruling. *See* [307]. On May 22, 2017, defendants filed a response in opposition to the motion [319]. On June 12, 2017, plaintiff filed a reply [327]. These matters are now ripe for the court's review.

Rule 54(b) provides as follows:

When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). As plaintiff points out, Rule 54(b) sets forth three requirements: (1) the action involves multiple parties or claims for relief; (2) the order sought to be certified finally decided the rights and liabilities of a party and; (3) the determination by the district court that no just reason exists for delaying the appeal. *See Local P–171 v. Thompson Farms Co.*, 642 F.2d 1065, 1069-1071 (7th Cir. 1981). Both parties agree that requirements (1) and (2) are met in this case, and thus the only dispute is whether no just reason exists for delaying the appeal.

A determination as to whether no just reason exists is within the discretion of the district court; the Seventh Circuit has noted that the following (non-exclusive) factors are relevant to this analysis:

> (1) The relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*See Bank of Lincolnwood v. Fed. Leasing, Inc.*, 622 F.2d 944, 949 (7th Cir. 1980).

In his reply, plaintiff notes that "[a]t the suggestion of the remaining defendants, the remaining defendants and Plaintiff have agreed to seek a stay of discovery if the Court grants this Motion." *See* [327] at 5. As such, there very likely will be a delay to these proceedings, which have already been delayed five years through the pleadings stage, if the motion is granted. Further, the court notes that the court's statute of limitations analysis reached all parties in the case, and the court's reasoning and various holdings on the statute of limitations issues are intertwined. This court made the contested ruling that plaintiff's claims against Dr. Funk and Dr. Mesrobian's were timely, which those defendants may well decide to challenge on appeal after final judgment. As such, an appeal by the IDOC defendants now would potentially force the Seventh Circuit to review on multiple occasions the procedural history and rulings in this case regarding the statute of limitations analysis. The court understands plaintiff's arguments regarding the risk of reversal and potential delays, but for the foregoing reasons finds that the various factors weigh against a finding that no just reason exists for delaying the appeal. As such, plaintiff's motion [307] is denied.

Date: 11/27/2017             ENTER:

*Philip G. Reinhard*
_____
United States District Court Judge

Electronic Notices. (LC)