IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| LAVERTIS STEWART (A-15380), | ) | |
| | ) | |
| Plaintiff, | ) | 12 C 50273 |
| | ) | |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| EVANSTON INSURANCE COMPANY as | ) | |
| Special Representative for the Estate of | ) | |
| ANTREAS MESROBIAN; JILL WAHL; | ) | |
| IMHOTEP CARTER; WEXFORD HEALTH | ) | |
| SOURCES, INC.; ARTHUR FUNK; JOHN | ) | |
| DOE TWO; JOHN DOE THREE; JOHN DOE | ) | |
| FOUR; JOHN DOE FIVE; JOHN DOE SIX; | ) | |
| JOHN DOE SEVEN; JOHN DOE EIGHT; | ) | |
| JOHN DOE NINE; JOHN DOE TEN; JOHN | ) | |
| DOE ELEVEN; JOHN DOE TWELVE; JOHN | ) | |
| DOE THIRTEEN; JOHN DOE FOURTEEN; | ) | |
| and JOHN DOE FIFTEEN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the following reasons, defendant Wayne Steele's motion to dismiss or sever claims III and IV [321] is denied.

## STATEMENT

This case has a long procedural history, detailed in the court's previous orders. *See* [154]; [189]; [300]. Familiarity with these matters is assumed. In relevant part, on April 20, 2017, plaintiff filed his sixth amended complaint [306], in which he named for the first time defendant Wayne Steele, former Assistant Warden of operations at Dixon Correctional Center. On June 5, 2017, Steele filed a motion to dismiss the claims against him, or in the alternative to sever the claims against him from those of the other defendants [321], along with a memorandum in support [322]. On July 3, 2017, plaintiff filed a response in opposition [330], on July 24, 2017, Steele filed a reply [332], and on August 8, 2017, plaintiff filed a surreply [337]. These matters are now ripe for the court's review.

As noted, this court has detailed the relevant facts of this case in sufficient detail elsewhere, *see* [154]; [189]; [300], and as such familiarity with those facts is assumed and the court will only detail those additional facts relevant to the instant motion.

1

In the Sixth Amended Complaint, plaintiff alleges that he has at various time been issued 6-month No Black Box permits, which have occasionally been renewed and at other times have lapsed for no medically relevant purpose, necessitating that plaintiff undergo significant pain while he labors to have the permit reissued.

In October of 2016, plaintiff's No Black Box permit had lapsed and he sought another one in January of 2017 from Dr. Chamberlain, a medical professional at Dixon with the authority to issue No Black Box permits. Dr. Chamberlain denied plaintiff's request, informing him that new policies promulgated by Steele and Dr. Chamberlain's Wexford supervisors prevented him from doing so unless an inmate had a broken wrist.

Nonetheless, in March of 2017, Dr. Chamberlain did issue a new No Black Box permit, after plaintiff showed obvious signs of harm from wearing the Black Box. Between plaintiff's January conversation with Dr. Chamberlain and the reissuance of the No Black Box permit, plaintiff was forced to wear the Black Box during medical writs. When plaintiff asked Dr. Chamberlain in March why he had not issued plaintiff a No Black Box permit in January, Dr. Chamberlain stated that he had been following directives and pressure from Steele and his Wexford supervisors, despite Dr. Chamberlain's belief that plaintiff should never have been subjected to the Black Box. Plaintiff also alleged that two other inmates were issued No Black Box permits between October of 2016 and March of 2017, despite not having broken wrists.

In the Sixth Amended Complaint, plaintiff raises an official capacity claim against Steele, seeking a permanent injunction preventing the use of the Black Box (Count III), and a deliberate indifference *Monell* claim against Steele in his individual capacity for promulgating and enforcing the policy of not issuing No Black Box permits without evidence that a plaintiff had a broken wrist.

In his motion to dismiss, Steele first argues that the official capacity claim against him is moot because he no longer works at Dixon. This argument is without merit, because the official capacity claim is not against Steele himself and thus can be substituted for the current Warden in his official capacity. Steele also argues that the injunction plaintiff seeks is moot, because he currently has a No Black Box permit and any possibility of future harm is speculative. This claim is without merit because plaintiff alleges a repeated pattern of No Black Box permits lapsing over the course of his incarceration without medical cause, which is why he seeks a permanent injunction. This rises above the level of speculation, at least for pleading purposes.

Next, Steele argues that plaintiff has pleaded himself out of court on his individual capacity *Monell* claims against Steele, noting that plaintiff pointed to other inmates that were given No Black Box permits without broken wrists, and also that plaintiff was ultimately given a No Black Box permit without a broken wrist.

As plaintiff points out, however, to plead himself out of court the complaint would need to allege "facts that establish an impenetrable defense to its claims. Put slightly differently, a plaintiff pleads himself out of court when it would be necessary to

contradict the complaint in order to prevail on the merits." *See Epstein v. Epstein*, 843 F.3d 1147, 1150 (7th Cir. 2016) (finding that "[a]lthough the defendants strenuously argue otherwise, the emails attached to the complaint do *not* conclusively defeat [the plaintiff's] allegation that [the defendant] intercepted his emails contemporaneously with their transmission.").

Here, plaintiff alleged that Steele promulgated and enforced through pressure a policy that inmates should not be given No Black Box permits without broken wrists. The allegations that No Black Box permits were issued to other inmates and eventually plaintiff himself do not conclusively prove that the policy did not exist and exerted some pressure on Dr. Chamberlain. It is consistent with plaintiff's allegations to find that Steele implemented such a policy and that it caused Dr. Chamberlain to deny plaintiff's request in January of 2017, but that Dr. Chamberlain ignored it in some instances, such as when he issued plaintiff a permit in March of 2017 after seeing signs of plaintiff's deteriorating condition. At this early stage, the court finds that plaintiff's allegations are not such that he would necessarily have to contradict the complaint in order to prevail on the merits.

The court notes that Steele appears to assert in his reply that plaintiff has alleged several possible constitutional claims against Steele regarding different aspects of the Black Box policy, each of which standing alone are potentially insufficient. The court disagrees with defendant's reading of the Sixth Amended Complaint. Moreover, the court agrees with plaintiff that Steele's "divide and conquer" mode of argument has been found improper by the Seventh Circuit, *see Engel v. Buchan*, 710 F.3d 698, 709 (7th Cir. 2013), and imposes a higher pleading standard than is required at this stage, *see E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). As such, Steele's motion to dismiss is denied.

Finally, the court denies Steele's motion to sever because the claims against him are part of the same series of occurrences as the claims against the medical defendants, all of which deals with the issuance or denial of No Black Box permits. Under Fed. R. Civ. P. 20(a), these claims are properly joined, and there is significant reason to keep these claims together for trial convenience and the expedition of the final determination of disputes. *See Mayer Paving & Asphalt Co. v. General Dynamics Corp.*, 486 F.2d 763, 771 (7th Cir. 1973) ("The general policy [the joinder rules of] the Federal Rules of Civil Procedure in general, is the impulse toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.") (internal quotations omitted). As such, Steele's motion to sever is denied.

Date: 11/27/2017          ENTER:

                                              United States District Court Judge

Electronic Notices (LC)